Maceo Johnson

Mt. McGregor Correctional Facility

1000 Mt. McGregor Road, Box 2071

Wilton, New York 12831

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

January **27**, 2011

JAN 3 1 2011

LAWRENCE K. BAERMAN, CLERK
ALBANY

To: Clerk of the Court

United States District Court

445 Broadway

Albany, New York 12207


Re: MACEO JOHNSON  V.  THE COUNTY OF WASHINGTON

CIVIL ACTION NO.: 1:10-cv-01497-GLS-DRH


Dear Clerk of Court:

Enclosed please find as follows:

1. Summons original and two copies

2. Amended Notice of complaint original and two copies.

3. Amended complaint original and two copies.

Thank you.

State of NY
County of
Saratoga

SWORN TO BEFORE ME THIS 27th DAY
OF January, 2011
Jacqueline C. Benish
NOTARY PUBLIC

NOTARY   PUBLIC

Very truly yours,

MACEO JOHNSON

JACQUELINE A. BENISH
Notary Public, State of New York
Qualified in Warren County
No. 01BE4664831
Commission Expires August 31, 2014

CM/ECF LIVE - U.S. District Court - NYND-Display Receipt                                    Page 1 of 1

```
MIME-Version:1.0
From:ecf.notification@nynd.uscourts.gov
To:NYND_ECFQC@nynd.uscourts.gov
Bcc:
--Case Participants: Magistrate Judge David R. Homer
(nynd_drh_ecf_notices@nynd.uscourts.gov), Judge Gary L. Sharpe
(nynd_gls_ecf_notices@nynd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<2004052@nynd.uscourts.gov>
Subject:Activity in Case 1:10-cv-01497-GLS -DRH Johnson v. County of Washington Set
Deadlines/Hearings
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to
this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy
of all documents filed electronically, if receipt is required by law or directed by the filer. PACER
access fees apply to all other users. To avoid later charges, download a copy of each document during
this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit
do not apply.**

U.S. District Court

**Northern District of New York - Main Office (Syracuse) [LIVE - Version 4.0.3]**

## Notice of Electronic Filing

The following transaction was entered on 1/20/2011 at 3:55 PM EST and filed on 1/20/2011
**Case Name:**          Johnson v. County of Washington
**Case Number:**       1:10-cv-01497-GLS -DRH
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Set Deadlines: Deadline for Plaintiff Maceo Johnson to file Amended Complaint is
2/19/2011. Thirty (30) days from the filing of the [4] Report-Recommendation and Order.
(mab)**

**1:10-cv-01497-GLS -DRH Notice has been electronically mailed to:**

**1:10-cv-01497-GLS -DRH Notice has been delivered by other means to:**

Maceo Johnson
10-A-1620
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Box 2071
Wilton, NY 12831

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK STATE

MACEO JOHNSON,
      PLAINTIFF

                                    SUMMONS

                    CIVIL ACTION NO.: 1:10-cv-01497
      V.                                  (GLS/DRH)

                                        JURY DEMAND

THE COUNTY OF WASHINGTON,
              DEFENDANT


        To: The County of Washington
            383 Broadway
            Fort Edward, New York 12828


      You are hereby summoned and required to serve upon the plaintiff,
Maceo Johnson whose address is 1000 Mt. McGregor Road, Box 2071, Wilton, New
York 12831, an answer to the complaint which is herewith served upon you, within
(20) days after service of this summons upon you, exclusive of the day of service
If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. Any answer that you serve on the plaintiff to
this action must be filed with the Clerk of this Court, located at the James T.
Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207.


Dated this ____ day of _____, 2011.


                                       _____
                                        CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK STATE

MACEO JOHNSON,
          PLAINTIFF

                              NOTICE OF AMENDED COMPLAINT

                              CIVIL ACTION NO.: 1:10-cv-01497
       V.                                  (GLS/DRH)

                                JURY DEMAND

THE COUNTY OF WASHINGTON,
                DEFENDANT

PLEASE TAKE NOTICE, that upon the annexed amended complaint of Maceo Johnson the plaintiff in the above caption, located at 1000 Mt. McGregor Road, Box 2071, Wilton, New York 12831, and all annexed exhibits, a complaint has been filed against the County of Washington, located at 383 Broadway, Fort Edward, New York 12828, to be heard at a term of this court, located at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207, on a date and time appointed by the court. The complaint filed is under the United States Constitution. The plaintiff herein complaining of the defendant affirm the following allegations under the penalties of purjury as follows:

1. Depriving of the plaintiff's United States Constitutional Rights guaranteed under the Fifth Amendment ( Due Process of Law).

2. Depriving of the plaintiff's United States Constitutional Rights guaranteed under the Sixth Amendment ( Speedy and Public Trial, To Be Confronted with Witnesses Against Him and To Have the Assistance of Counsel).

3. Depriving of the plaintiff's United States Constitutional Rights guaranteed under the Fourteenth Amendment ( Due Process and Equal Protection of the law).

4. The plaintiff seek monetary compensatory damages under the United States Constitution in the amount of one hundred million dollars.

Wherefore, the plaintiff respectfully request a judgment against the defendant within the statute and mandate of Federal Law and for such other and further relief as the court may deem just and proper.

Dated this __27__ day of

__January__ , 2011.

Respectfully Submitted,

MACEO   JOHNSON
Mt. McGregor Correctional
1000 Mt. McGregor Road,
Wilton, New York 12831

State of NY
County of
Saratoga

SWORN TO BEFORE ME THIS 27th DAY
OF January , 20 11

NOTARY PUBLIC

NOTARY   PUBLIC

JACQUELINE A. BENISH
Notary Public, State of New York
Qualified in Warren County
No. 01BE4664831
Commission Expires August 31, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK STATE

---

MACEO JOHNSON,
　　　　　　PLAINTIFF

　　　　　　　　　　　　　　　　AMENDED COMPLAINT

　　　　V.　　　　　　　　　　　CIVIL ACTION NO.: 1:10-cv-01497
　　　　　　　　　　　　　　　　　　　　　　　　(GLS/DRH)

　　　　　　　　　　　　　　　　JURY DEMAND

THE COUNTY OF WASHINGTON,
　　　　　　　　　　DEFENDANT

---

　　　I, Maceo Johnson the plaintiff in the above caption, located at 1000
Mt. McGregor Road, Box 2071, Wilton, New York 12831, being duly sworn, bear
witness to this affirmation in support of the amended complaint against the
County of Washington the defendant in the above-entitled matter, under the
penalties of purjury as follows:

1. This action arises under and is brought pursuant to the United States
　 Constitution, rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments

2. The United States District Court for the Northern District of New York State
　 has jurisdiction over this action pursuant to 28 U.S.C.A. sections 1331
　 and 1343.

3. This cause of action arose in the Northern District of New York State
　 therefore, venue is proper under 28 U.S.C.A. section 1391(b).

4. The cause for action is that said defendant  deprived, ignored, and violated
　 the Constitutional rights of the said plaintiff.

5. The plaintiff, Maceo Johnson is an adult citizen of the United States and a resident of New York State.

6. The defendant, County of Washington is an municipality of New York State, located at 383 Broadway, Fort Edward, New York 12828.

7. The defendant as a municipality of New York State is solely responsible for the supervision and liable for the actions of it's agents and employees as any other corporation.

8. The defendant wronged the plaintiff by failing to oversee it's agents and employees and created a custom that allowed the wrong to occur.

9. The doctrine of qualified immunity protects government officials not municipalities from liability for civil damages insofar as their conduct does not violate clearly established statutory or Constitutional Rights.

10. The United States Constitution contains no articles or amendments that gives municipalities, judges, or law enforcement immunity or the liberty to deprive ignore, or violate the rights of U.S. Citizens protected under it.

11. The United States Constitution is the strongest authority of U.S. law and no one is immune or above it.

12. The defendant is negligent by the actions of it's agents and employees acting under the color of law in the name of the defendant.

13. The gravamen of my contention is supported by legal documentation that illustrate how the defendant deprived, ignored, and violated the rights of the plaintiff, ( see attached exhibit (A) ).

14. On March 15, 2010 at the defendant's courthouse, located at 383 Broadway, Fort Edward, New York 12828, the defendant made judgments in violation of New York State Statutory and United States Constitution specifically:

(A). Domestic Relations Law, D.R.L. section 240(1)(a)(4).

(B). Family Court Act, F.C.A. sections 145, 832, 833, 834, 835, 841(a), and 841(i).

(C). United States Constitution Amendments (5), (6), and (14).

15. The defendant's judgment was procured without proving the allegations by a prepoderance of evidence supported by facts pursuant to D.R.L. section 240(1)(a)(4), and U.S. Constitution Amendments (5), (6), and (14).

16. The defendant's judgment was procured without a fact-finding hearing pursuant to F.C.A. section 832 and U.S. Constitution Amendments (5), (6), and (14).

17. The defendant's judgment was procured without a dispositonal hearing pursuant to F.C.A. section 833 and U.S. Constitution Amendments (5), (6), and (14).

18. The defendant's judgment was procured without evidence or supported by facts pursuant to F.C.A. section 834 and U.S. Constitution Amendments (5), (6), and (14).

19. The defendant's judgment was procured by defective sequence of hearings pursuant to F.C.A. section 835 and in violation of U.S. Constitution Amendments (5), (6), and (14).

20. The defendant's judgment was procured without any allegations being established pursuant to F.C.A. section 841(a) and U.S. Constitution Amendments (5), (6), and (14).

21. The defendant's judgment was procured without any findings on record of the existance of aggravating circumstances to warrant any judgment pursuant to F.C.A. section 842 and U.S. Constitution Amendments (5), (6), and (14).

22. The defendant's judgment was procured without proven facts in violation of Statute of New York State and United States.

23. The defendant fabricated false ground to procure judgments by claiming that the plaintiff admitted allegations, the defendant has no record or documentation of such admission by the plaintiff. (see annexed exhibits (A), (B), (C), and (D) ).

24. On September 8, 2010 at the defendant's courthouse, located at 383 Broadway, Fort Edward, New York 12828, I (plaintiff), filed motions to vacate judgments and petitions against me.

25. The defendant gave me (plaintiff) an ultimatum to withdraw the said motions or have my assistance of counsel withdrawn which is a violation of Judiciary Law Article (2) section (19), F.C.A. section 145, and U.S. Constitution Amendment (6).

26. I (plaintiff) proceeded with said motions and upon that alone the defendant discharged my counsel out of the defendant's courtroom without an adjournment to schedule a hearing to show cause. U.S. Constitution Amendments (5), (6), and (14).

27. The defendant's reasons on record being, the said motions were too much paperwork. Judiciary Law Article (2) section (19) and U.S. Constitution Amendments (5), (6), and (14).

28. The code of professional responsibility, rules of professional conduct, ethical consideration, canons of professional ethics and code of judicial conduct was none in existance by defendant.

29. The defendant often assumed an adversarial role by treating unfounded allegations as proved. (see exhibits (A) - (D) )

30. The defendant did not respect the plaintiff's U.S. Constitutional Rights.

31. The defendant abused judicial power.

32. The defendant abused the judicial process and procedures.

33. The defendant ignored Statutory and Federal Law.

34. Constituting the one hundred million dollars in monetary compensatory damages, that the plaintiff is seeking has been established by the forseeable increase of healthcare cost, pain and suffering of the plaintiff and all the plaintiff's immediate family as an effect directly from the negligence of the defendant.

35. The negligent damages accomplished by the defendant stand irreparable.

36. The post-traumatic stress born is incurable.

37. The prayed for relief is only a mild seditive to ease the unnecessary burdens the forseeable hardships ahead, and the uncorrectable pain.

38. The pain that will endure for the natural life of the plaintiff and all immediate family as an effect directly.

39. The pain and suffering to the plaintiff and immediate family caused by the trauma of catastrophic events that transpired and continue transpiring induced from the defendant's negligent actions.

40. I proffer herein justification to be awarded monetary compensatory damages for the cost of therapy and medications that will cover the plaintiff and all immediate family.

41. The debt accrued from treatment of current psychological problems, the lingering psychological problems, subsequent and continuing psychological problems of the plaintiff and all immediate family should be paid in totality by the defendant. (see exhibit (E) )

42. The defendant caused the malicious seperation of immediate family.

43. The defendant caused fear and stress of the unknown well-being and whereabout of immediate family.

44. The defendant is responsible for the aggravated unnecessary severance of the plaintiff's immediate family ties and bonds.

45. The defendant is responsible for the irretrievable loss of time by unlawfully seperating the plaintiff's immediate family.

46. The defendant is resposible for the irretrievable loss of relationships and bonds between the plaintiff's immediate family.

47. The defendant is responsible for the irretrievable loss of time between the plaintiff's immediate family during major legal and religious holidays.

48. The defendant is responsible for the irretrievable loss of time between the plaintiff's immediate family during important family events.

49. The defendant deprived the plaintiff of his parental rights.

50. The defendant deprived the plaintiff of his legal guardianship rights.

51. The defendant deprived the plaintiff of his civil rights.

52. The defendant deprived the plaintiff of his guaranteed U.S. Constitutional rights.

53. The defendant is liable for the post-traumatic stress disorder born from all mentioned and not mentioned herein.

54. The said one hundred million dollars in monetary compensatory damages the plaintiff is seeking brought about from the stress of this entire matter due to the atrocious negligence of the County of Washington (defendant), may be adjusted by the court within the statute of Federal Law.

Wherefore, the plaintiff respectfully request that a judgment be made against the defendant for the prayed for relief and for such other and further relief as the court may deem just and proper.

Dated this __27__ day of

__January__ , 2011.

Respectfully Submitted,

MACEO  JOHNSON
Mt. McGregor Correctional
1000 Mt. McGregor Road
Wilton, New York 12831

State of N.Y., County of Saratoga

SWORN TO BEFORE ME THIS 27 DAY

OF January , 20 11

NOTARY PUBLIC

NOTARY  PUBLISH
JACQUELINE A. BENISH
Notary Public, State of New York
Qualified in Warren County
No. 01BE4664831
Commission Expires August 31, 2014

*EXHIBIT (A) 1 OF 2*

F.C.A. §§ 467, 549, 651, 652, 654
D.R.L. § 240

GF18 8/2002

At a term of the Family Court of the
State of New York, held in and for
the County of Washington, at
Courthouse, 383 Broadway, Fort
Edward, NY 12828, on March 15,
2010

**PRESENT:**   Hon. Stan L. Pritzker

In the Matter of a **Custody/Visitation** Proceeding

**Shawn E. Euber,**

Petitioner,

- against -

**Maceo D. Johnson,**

Respondent.

**File #:**      8922
**Docket #:**   V-01416-09

**ORDER OF CUSTODY AND
VISITATION**

Shawn E. Euber having filed a petition on October 1, 2009, pursuant to Article 6 of the Family Court Act, requesting an order awarding custody of the following minor child:

| Name | Date of Birth |
|------|---------------|
| Trinity Rose Johnson | 5/16/2009 |

and Maceo D. Johnson having appeared before this Court to answer the petition, having been advised by the Court of the right to counsel, and to show why an order of custody should not be granted; and Respondent having admitted the allegations of the petition; and

*LIE*

The matter having duly come on to be heard before this Court;

And the Court having searched the statewide registry of orders of protection, the sex offender registry and the Family Court's child protective records, and having notified the attorneys for the parties and for the child;

And the Court having considered and relied upon the following results of these searches in making this decision; pending article 10 proceedings and order of protection history. .

NOW, upon stipulation of the parties; it is hereby

ORDERED that Shawn E. Euber shall have sole legal and physical custody of the above named child; and it is further

ORDERED that neither party shall smoke cigarettes or other tobacco products in the presence of the child in an enclosed area or allow third parties to do so; and it is further

ORDERED that neither party shall disparage the other party to the child, in the presence of

*9*

*EXHIBIT (A) 2 OF 2*

Page: 2 of 2
Docket No: V-01416-09
GF18

the child or allow third parties to do so; and it is further

ORDERED that upon the respondent being released from incarceration that will be a change of circumstances to allow him to file a modification petition and for the Court to review the best interest of the child.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Dated:** March 15, 2010                 **ENTER**

_____
**Hon. Stan L. Pritzker**

CC:    Michael Steven Martin, Esq., Law Guardian
       Garfield P. Raymond, Esq., Conflict Defender's Office
       Maceo D. Johnson, Respondent
       Shawn E. Euber, Petitioner
       Washington County Public Defender's Office, Public Defender

10

*Exhibit (B)  1 of 2*
GF5a 2009

NOTICE OF ENTRY
The within is a *[true?]* copy of an order
entered in the office of the Clerk of the
Washington County Family Court on

F.C.A §§ 446, 551, 656, 842 & 1056

ORI No: NY057023J
Order No: 2010-000042
NYSID No:

*5*

At a term of the Family Court of the State of New York,
held in and for the County of Washington, at Courthouse
383 Broadway, Fort Edward, NY 12828, on March 15,
2010

PRESENT: Honorable Stan L. Pritzker

In the Matter of a FAMILY OFFENSE Proceeding

Shawn E. Euber (DOB: 08/22/1973),
    Petitioner,

 - against -

Maceo D. Johnson (DOB: 05/02/1972),
    Respondent.

File # 8922
Docket# O-01348-09

Order Of Protection

Both parties present in court

---

**NOTICE: YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY
ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO
SEVEN YEARS FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION
AND INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT.**

  A petition under Article 8 of the Family Court Act, having been filed on September 18, 2009 in this Court and on
consent, and Maceo D. Johnson having been present in Court and advised of the issuance and contents of this Order,

  **Now, therefore, it is hereby ordered**  that Maceo D. Johnson (DOB: 05/02/1972) observe the following conditions of
behavior:

  [01] Stay away from:
    [A] Shawn E. Euber (DOB: 08/22/1973), Tavianna Johnson (DOB: 03/19/1999), Tavious Johnson (DOB:
     06/12/1998) and Trinity Rose Johnson (DOB: 05/16/2009);
    [B] the home of Shawn E. Euber (DOB: 08/22/1973), Tavianna Johnson (DOB: 03/19/1999), Tavious
     Johnson (DOB: 06/12/1998) and Trinity Rose Johnson (DOB: 05/16/2009);
    [C] the school of Tavianna Johnson (DOB: 03/19/1999) and Tavious Johnson (DOB: 06/12/1998);
    [E] the place of employment of Shawn E. Euber (DOB: 08/22/1973);

  [14] Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any
    other means with Shawn E. Euber (DOB: 08/22/1973), Tavianna Johnson (DOB: 03/19/1999), Tavious Johnson
    (DOB: 06/12/1998) and Trinity Rose Johnson (DOB: 05/16/2009);

*11*

*EXHIBIT ( B )*   2 OF 2

Page: 2
Docket No: O-01348-09
GF5a

[02]   Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats or any criminal offense against Shawn E. Euber (DOB: 08/22/1973), Tavianna Johnson (DOB: 03/19/1999), Tavious Johnson (DOB: 06/12/1998) and Trinity Rose Johnson (DOB: 05/16/2009);

**It is further ordered** that this Order Of Protection shall remain in force until and including  March 15, 2015;

**The Family Court Act** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires, the officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

**Federal law requires** that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C. §§2265, 2266).

**It is a federal crime to:**
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess, or transfer a handgun, rifle, shotgun, or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 U.S.C. §§922(g)(8), 922(g)(9), 2261, 2261A, 2262).

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Dated:**      March 15, 2010                                **ENTER**

_____
Honorable Stan L. Pritzker

**Check Applicable Box(es):**
[X]      Party against whom order was issued was advised in Court of issuance and contents of Order
[ . ]      Order personally served in Court upon party against whom order was issued
[X]      Service directed by Respondent in Court/Delivered to Corrections
[ ]      [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]:_____
[ ]      Warrant issued for party against whom order was issued [specify date]:_____

12

Exhibit (C) 1 of 2

GF18Temp

At a term of the Family Court of the
State of New York, held in and for
the County of Washington, at
Courthouse, 383 Broadway, Fort
Edward, NY 12828, on March 15,
2010

**PRESENT:** Hon. Stan L. Pritzker

In the Matter of a **Custody/Visitation** Proceeding

**Stephany L. Euber,**

　　　　　　　　　　　　　　　　　　Petitioner,

　　- against -

**Tamika Johnson,**
**Maceo Deastro Johnson,**
**Washington County Department of Social Services,**
　　　　　　　　　　　　　　　　　Respondents.

**File #:**　　8951
**Docket #:**　V-01415-09

**TEMPORARY ORDER OF**
**CUSTODY AND**
**VISITATION**

Stephany L. Euber having filed a petition on October 1, 2009, pursuant to Article 6 of the Family Court Act, requesting an order awarding custody of the following minor child:

| Name | Date of Birth |
|------|---------------|
| Tavious Johnson | 6/12/1998 |

And the matter having duly come on to be heard before this Court;

And the Court having searched the statewide registry of orders of protection, the sex offender registry and the Family Court's child protective records, and having notified the attorneys for the parties and for the child;

And the Court having considered and relied upon the following results of these searches in making this decision; pending article 10 proceeding.

NOW, it is hereby

ORDERED that pending further proceedings herein, Stephany Euber shall have primary physical custody of the above named child commencing March 19, 2010; and it is further

ORDERED that Louise Johnson shall be allowed to have telephone contact with the child however the custody matter is not to be discussed with the child; and it is further

ORDERED that neither party shall smoke cigarettes in the presence of the child in an enclosed area or allow third parties to do so; and it is further

ORDERED Neither party shall disparage the other party to the children, in the presence of the children or allow third parties to do so; and it is further

*Exhibit (C)   2 of 2*

Page: 2 of 2
Docket No: V-01415-09
GF18Temp

ORDERED that this matter is adjourned until April 20, 2010 at 2 p.m.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Dated:** March 15, 2010                    **ENTER**


                                    _____
                                    **Hon. Stan L. Pritzker**

CC:    Washington County Department of Social Services, Respondent
       Catherine Ann Burkly, Esq., Law Guardian
       Maceo Deastro Johnson, Respondent
       Tamika Johnson, Respondent
       Stephany L. Euber, Petitioner
       Washington County Attorney's Office, County Attorney
       Washington County Public Defender's Office, Public Defender

*Exhibit (D) 1 of 2*

GF18Temp

At a term of the Family Court of the
State of New York, held in and for
the County of Washington, at
Courthouse, 383 Broadway, Fort
Edward, NY 12828, on March 15,
2010

**PRESENT:**   Hon. Stan L. Pritzker

In the Matter of a **Custody/Visitation** Proceeding

**File #:**   8950
**Docket #:**   V-01422-09

**William Taylor,**

Petitioner,

- against -

**TEMPORARY ORDER OF
CUSTODY AND
VISITATION**

**Tamika Johnson,**
**Maceo Deastro Johnson,**
**Washington County Department of Social Services,**

Respondents.

William Taylor having filed a petition on October 2, 2009, pursuant to Article 6 of the Family Court Act, requesting an order awarding custody of the following minor child:

Name | Date of Birth
--- | ---
Tavianna Johnson | 3/29/2000

And the matter having duly come on to be heard before this Court;

And the Court having searched the statewide registry of orders of protection, the sex offender registry and the Family Court's child protective records, and having notified the attorneys for the parties and for the child;

And the Court having considered and relied upon the following results of these searches in making this decision; pending article 10 proceedings.

NOW, it is hereby

ORDERED that pending further proceedings herein, William Taylor shall have primary physical custody of the above named child commencing March 19, 2010; and it is further

ORDERED that Tavianna and Tavious shall have sibling visitation as William Taylor and Stephany Euber mutually agree upon; and it is further

ORDERED that Louise Johnson shall be allowed to have telephone contact with the child however the custody matter is not to be discussed during the telephone contact; and it is further

ORDERED that neither party shall smoke cigarettes in the presence of the child in an enclosed area or allow third parties to do so; and it is further

*Exhibit (D)   2 of 2*

ORDERED that neither party shall disparage the other party to the child, in the presence of the child or allow third parties to do so; and it is further

ORDERED that this matter is adjourned until April 20, 2010 at 2 p.m.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Dated:** March 15, 2010                              **ENTER**


Hon. Stan L. Pritzker

CC:     Washington County Department of Social Services, Respondent
        John Harvey Nichols III, Esq., Conflict Defender's Office
        Catherine Ann Burkly, Esq., Law Guardian
        Tamika Johnson, Respondent
        Maceo Deastro Johnson, Respondent
        William Taylor, Petitioner
        Washington County Attorney's Office, County Attorney
        Washington County Public Defender's Office, Public Defender

Exhibit (E)

TRAUMA LOG FOR MACEO JOHNSON AND IMMEDIATE FAMILY: POST-TRAUMATIC STRESS

1. The claimant, Maceo Johnson and immediate family suffers from the trauma of being under constant uninterrupted psychological stress and intentional torture caused by the defendant as follows:

2. MONTH: Jan., Feb., Mar., Apr., May, Jun., Jul., Aug., Sep., Oct., Nov., Dec.
   # OF.  31 , 28 , 31 , 30 , 31 , 30 , 31 , 31 , 30 , 31 , 30 , 31
   DAYS.

3. (1) day = (24 hours) / (1) hour = (60 minutes) / (1) minute = (60 seconds).

4. (1) day = (1,440 minutes) /  (1) day = (86,400 seconds).

5. How does the law determine monetary compensation to compensate a victim of psychological torture? _____

   (A). How much per day? _____

   (B). How much per hour? _____

   (C). How much per minute? _____

   (D). How much per second? _____

| 6. DATE | DAYS | HOURS | MINUTES | SECONDS |
|---|---|---|---|---|
| 9/18/2009 — 1/23/2011 | 494 | 11,856 | 711,360 | 4,345,920 |
| 1 / 24 / 2011 | 495 | 11,880 | 712,800 | 4,432,320 |
| 1 / 25 / 2011 | 496 | 11,904 | 714,240 | 4,518,720 |
| 1 / 26 / 2011 | 497 | 11,928 | 715,680 | 4,605,120 |
| 1 / 27 / 2011 | 498 | 11,952 | 717,120 | 4,691,520 |
| 1 / 28 / 2011 | 499 | 11,976 | 718,560 | 4,777,920 |
| 1 / 29 / 2011 | 500 | 12,000 | 720,000 | 4,864,320 |
|  |  |  |  |  |