UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MACEO JOHNSON,

                              Plaintiff,

                                                                              1:10-CV-1497
              v.                                                               (GLS/DRH)

THE COUNTY OF WASHINGTON,

                              Defendant.
_____

APPEARANCES:

MACEO JOHNSON
Plaintiff pro se
10-A-1620
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Box 2071
Wilton, New York 12831


DAVID R. HOMER
U.S. Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

        In compliance with this Court's report-recommendation and order (Dkt. No. 4), pro se

plaintiff Maceo Johnson ("Johnson" or "plaintiff") filed an amended complaint.  Dkt. No. 6.

Johnson names the County of Washington as the only defendant.[1]  Johnson claims that

defendant County of Washington "wronged the plaintiff by failing to oversee it's [sic] agents

and employees and created a custom that allowed the wrong to occur."  Dkt. No. 6 at 2, ¶ 8.

_____

        [1] On page 2 of Johnson's original complaint, Johnson listed individuals whom plaintiff has made claims of alleged wrongdoings.  Based on Johnson's naming the individuals and the claims made against them, the Clerk was directed to add those individuals as defendants on the docket of this case.  In the amended complaint neither the caption nor the body of the complaint name any individual defendants.

Johnson brings this action pursuant to 42 U.S.C. § 1983.  Johnson is challenging the legality of the Washington County Family Court's three orders of custody and an order of protection. See Am. Compl, Exs. A-D   A review of the amended complaint reveals that Johnson has failed to bring forth any new or additional facts or claims sufficient to establish that the defendant violated Johnson's constitutional rights. Johnson was afforded a hearing before the County of Washington Family Court on March 15, 2010.  Moreover, Johnson fails to allege that the County of Washington had a policy or custom of allowing its employees to engage in wrongful conduct.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 56 L. Ed.2d 611, 98 S.Ct. 2018 (1978) (municipalities are shielded from liability for the actions of their employees unless constitutional violations result from its official policy or custom).

Accordingly, it is hereby

**RECOMMENDED** that Johnson's amended complaint be dismissed in its entirety without prejudice pursuant to Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2)(A)(v) for failure to comply with the Court's January 20, 2011; and it is hereby

**ORDERED** that the Clerk serve Johnson with a copy of this report-recommendation by regular mail and certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation."  N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  March 21, 2011
       Albany, New York

_David R. Homer_____
United States Magistrate Judge

3