**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MACEO JOHNSON,**

                **Plaintiff,**　　　　　1:10-cv-1497
　　　　　　　　　　　　　　　　　　　　(GLS/DRH)
                **v.**

**COUNTY OF WASHINGTON; HON. STAN L. PRITZKER,** Washington County Family Court Judge; **MICHAEL J. MERCURE,** Washington County Public Defender; **PATRICIA A. ROSS,** Washington County Family Court Clerk; **WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES; DANIEL S. MARTINDALE,** Washington County Deputy Attorney; **MICHAEL S. MARTIN,** Washington County Law Guardian; and **CATHERINE A. BURKLY,** Washington County Law Guardian**,**

                **Defendants.**
_____

**APPEARANCES:**　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**

Maceo Johnson
Pro Se
10-A-1620
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Box 2071
Wilton, NY 12831

**FOR THE DEFENDANTS:**
NO APPEARANCE

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiff Maceo Johnson brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. (*See* Compl., Dkt. No. 1.) In an Order issued January 20, 2011, Magistrate Judge David R. Homer found that Johnson's complaint failed to comply with the pleading requirements set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure, and accordingly directed Johnson to file an amended complaint. (*See* Order at 3-7, Dkt. No. 4.) On January 31, 2011, Johnson filed an amended complaint which failed to bring forth additional claims sufficient to establish that his constitutional rights were violated. (*See* Am. Compl., Dkt. No. 6.) On March 21, 2011, based on Johnson's failure to comply with Judge Homer's January 20, 2011 Order to file an amended complaint in compliance with Rules 8 and 10, Judge Homer filed a Report-

Recommendation and Order (R&R) recommending dismissal of the action.[1] (*See* R&R, Dkt. No. 8.)  On March 31, 2011, Johnson filed objections to Judge Homer's R&R.  (*See* Dkt. No. 11.)  For the reasons that follow, the R&R is adopted and Johnson's complaint is dismissed.

## II.  Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

## III.  Discussion

In light of Johnson's non-specific, irrelevant objections to Judge Homer's R&R, the court has reviewed the R&R, and the Order upon which

---

[1] The Clerk is directed to append the January 20, 2011 Order and the March 21, 2011 R&R to this decision, and familiarity therewith is presumed.

it is premised, for clear error. Johnson's initial complaint alleged that he was treated unfairly by Washington County employees during a family court matter with which he was involved. (*See* Compl. at 3-4, Dkt. No. 1.) In support of this allegation, Johnson referred to a September 8, 2010 proceeding, but failed to plead specific instances or circumstances of alleged wrongdoing by the County employees that would constitute a § 1983 violation. (*See id.*)

In his January 20, 2011 Order, Judge Homer granted Johnson thirty days to file an amended complaint which complied fully with Rules 8 and 10, and ordered that if Johnson failed to do so, his action may be dismissed. (*See* R&R at 6-7, Dkt. No. 4.) Judge Homer's Order instructed Johnson to amend his complaint to include, specifically, all alleged acts of misconduct by the County and its employees, the dates and locations of this misconduct, the names of the individuals involved, and the connection between the misconduct and Johnson's civil and/or constitutional rights. (*See id.* at 5-6.) Johnson filed a timely amended complaint on January 31, 2011, which was amended to include an allegation that the County "deprived, ignored, and violated" his constitutional rights. (*See* Am. Compl., Dkt. No. 6.) However, his amended complaint did not address the

4

deficiencies noted in Judge Homer's initial Order.  (*See id.*)  Johnson's amended complaint challenges the legality of the Washington County Family Court's three orders of custody and an order of protection, but fails to provide any additional facts or allegations that would establish a violation of Johnson's constitutional rights.  (*See id.*)

In the context of § 1983 cases, the Second Circuit requires the plaintiff to plead "more than mere conclusory allegations" such as the allegations made by Johnson in his amended complaint.  *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d. Cir. 1988).  Furthermore, municipalities such as the County of Washington may not be held liable for the actions of their employees unless constitutional violations result from the municipality's official policy or custom, which Johnson has failed to properly allege in his complaints.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Judge Homer concluded that Johnson's amended complaint did not suffice to establish a proper claim against Washington County or its employees, and thus failed to comply with the court's January 20, 2011 Order.  (*See* R&R at 2, Dkt. No. 8.)  When a party fails to obey a pretrial order, "the court may issue any just orders."  FED. R. CIV. P. 16(f)(1)(C).  Judge Homer subsequently recommended that Johnson's amended complaint be

dismissed. (*See* R&R at 2, Dkt. No. 6.) Upon review for clear error, the court finds none and adopts Judge Homer's recommendation that Johnson's amended complaint be dismissed.

## IV. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Homer's Report-Recommendation and Order (Dkt. No. 8) is **ADOPTED** and Johnson's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 27, 2011
Albany, New York

*Gary L. Sharpe*
United States District Court Judge

6